UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20836-CIV-UNGARO

FATIMA SHATAT,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER ON REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on Petitioner Fatima Shatat's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, brought pursuant to 28 U.S.C. § 2255. (D.E. 1.)

THE COURT has reviewed the record as a whole and is otherwise fully advised of the premises.

### I. Background

In the criminal case underlying Petitioner's § 2255 Motion, the Government charged Petitioner, a Jordanian citizen, with multiple counts of wire fraud and food-stamp fraud for her role in a conspiracy to unlawfully exchange food-stamp benefits for cash. Pursuant to a written plea agreement, Petitioner pled guilty to Count One of the Indictment, conspiracy to commit food-stamp fraud in violation of 18 U.S.C. § 371. In exchange for her plea, the Government dismissed the remaining counts of the Indictment.

The written plea agreement contained terms related to Petitioner's sentencing. Petitioner's guideline sentencing range was to be calculated according to the Sentencing Guidelines as applied to a pre-sentence investigation, however the plea agreement notified Petitioner that the Court could depart from the guideline range to impose a sentence up to the statutory maximum of five-years imprisonment. Petitioner further agreed that the amount of actual, probable, or intended loss resulting from her offense was more than $1,000,000 but less than $2,500,000, which increased Petitioner's offense level by 16 points. Petitioner agreed that she was an organizer or leader of a criminal activity that involved five or more participants, and was therefore subject to a 4-point increase in offense level.

Petitioner appeared at the plea hearing without an interpreter. She did not request an interpreter or at any time indicate that she was unable to understand the proceedings. During the lengthy plea colloquy, Petitioner appeared to understand and responded to the Court's questions. Petitioner agreed that she received a copy of the Indictment in English, and had discussed the charges with her attorney. She stated that the understood all the conditions of the plea, the factual proffer, and the consequences of pleading guilty. The Court accepted Petitioner's guilty plea and, at a subsequent hearing, sentenced Petitioner in accordance with the guideline sentence range to 48-months imprisonment. The Court also ordered Petitioner to pay $2,240,493 in restitution, for which she and her co-defendants are jointly and severally liable.

Petitioner now moves the Court to vacate her sentence, arguing that her trial counsel was ineffective in several respects, thereby rendering her guilty plea involuntary. The Court referred the matter to Magistrate Judge Patrick A. White, who issued a Report recommending that Petitioner's Motion be denied and that the case be closed. (D.E. 19.) Petitioner filed timely objections to the Report, and the matter is now ripe for review. The Court reviews the Motion *de novo*.

## II. Standard of Review

Petitioner first objects to the standard of review employed by Judge White. Petitioner claims that because she is a *pro se* petitioner, "her claims and allegations must be construed in light most favorable to her." (D.E. 20, 1-2.) Petitioner cites no authority in support of this standard, and the Court is aware of no such authority. In accordance with *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998), "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* At 1263. But though Petitioner's pleadings are liberally construed, Petitioner carries the burden of proof in this collateral attack on her conviction. *See Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) (noting, in review of petition for habeas corpus, that "judgment cannot be lightly set aside by collateral attack" and holding burden of proof to rest upon defendant to demonstrate by preponderance of evidence that he is entitled to relief), *abrogated on other grounds by Edwards v. Arizona*, 451 U.S. 477 (1981).

Regarding Petitioner's claims of ineffective assistance of counsel, Judge White sets forth the correct standard in his report. Pursuant to *Strickland v.*

*Washington*, 466 U.S. 668 (1984), Petitioner must show that counsel's performance was deficient, and that counsel's deficient performance prejudiced her defense. In the context of sentencing, petitioner must show that, but for counsel's deficient performance, the result of the sentencing proceeding would have been different. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

Petitioner also argues that the Government failed to respond to some of her initial claims, thereby forfeiting their arguments in opposition. According to Petitioner, the Magistrate Judge was therefore "required to take [Petitioner's] allegations as true." (D.E. 20, 6.) Under the local rules of this district, failure to respond to a motion may be deemed sufficient cause for granting a motion by default. S.D. Fla. L.R. 7.1(c). The Court is unaware of any authority, however, that requires the Court to do so, and Petitioner cites no support for her proposition. Therefore, even if the Government did not respond to each of Petitioner's claims, Judge White did not err in considering their arguments.

### III. Petitioner's Request for Hearing

Petitioner argues that Judge White erred in recommending that the Petition be denied without the benefit of conducting an evidentiary hearing during which the weight and credibility of the evidence could be properly evaluated. In a § 2255 proceeding, the court shall grant a hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon

unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.") (*quoting Guerra v. United States*, 588 F.2d 519 (5th Cir. 1979)). As outlined below, each of Petitioner's claims is conclusively refuted by the record. The Court therefore concurs with Judge White's determination that an evidentiary hearing was unnecessary in this case.

## IV. Ineffective Assistance of Counsel

Petitioner objects to Judge White's recommendation that her claims of ineffective assistance of counsel be denied. Petitioner claims her trial counsel was ineffective in several respects. First, she claims that counsel was ineffective for failing to ensure that the Government notified the Jordanian consulate of her arrest, as is required by the Vienna Convention on Consular Relations ("Vienna Convention"). Second, she claims counsel was ineffective for failing to inform her that her conviction carried the collateral consequence of placing her at risk of deportation. Third, Petitioner claims counsel was ineffective for stipulating in the plea agreement to sentencing enhancements based on Petitioner's role as a leader or organizer of the crime and an on the loss amount of $ 1,000,000 to $ 2,500,000. Fourth, Petitioner claims that counsel was ineffective for failing to object to the imposition of joint and several restitution. Petitioner argues that the cumulative effect all of these instances of deficient performance is to render her plea involuntary.

## A. Failing to Notify Jordanian Consulate

As stated by Judge White, the Supreme Court has never found that the

Vienna Convention creates any judicially enforceable rights in criminal cases. In *Medellin v. Texas*, 552 U.S. 491 (2008), the Supreme Court explicitly declined to rule on this issue. *Id.* at 506 n.4. Petitioner argues that this is irrelevant. Her attorney's failure to ensure that the Jordanian consulate was notified of her arrest constituted deficient performance on his part, whether or not the right is judicially enforceable.

However, this Court concurs with Judge White that, even if Petitioner is correct that this constituted deficient performance by her attorney, Petitioner fails to allege that she was prejudiced by her attorney's failure in this regard. In her objections, Petitioner states, "What may or may not have happened as a result, had the notification actually occurred, is nothing but conjecture." (D.E. 20, 2.) Under *Strickland*, Petitioner's burden is to demonstrate that she was prejudiced by her ineffective attorney. Because Petitioner's allegations are purely speculative, her claim must be denied. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that vague, conclusory, or speculative allegations cannot support claim of ineffective assistance of counsel).

### B. Failure to Advise of Deportation Risk

Under *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), an attorney's failure to advise a client that a guilty plea carries the risk of deportation constitutes deficient performance under the first prong of *Strickland*. Judge White finds that Petitioner's allegation that her attorney did not advise her of the risk of deportation to be self-serving, internally inconsistent, and lacking credibility. Judge White declined to

resolve this factual dispute, however, because Petitioner failed to allege or demonstrate that she was prejudiced by her attorney's failure to advise her regarding the immigration consequences of her plea. Therefore even if Petitioner's attorney did fail to properly advise her, Petitioner is still not entitled to relief because she has failed to allege or demonstrate prejudice, as required by *Strickland's* second prong.

Petitioner's objection to Judge White's analysis is not that she is able to demonstrate prejudice, but that "[t]he Magistrate's attempt to engraft a prejudice prong to claimed *Padilla* error is simply unsupportable." (D.E. 20, 3.) It is true that the Supreme Court in *Padilla* analyzed only the first prong of *Strickland*, holding that "[i]t is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so 'clearly satisfies the first prong of the *Strickland* analysis." *Padilla*, 130 S.Ct. at 1484 (*quoting Hill v. Lockhart*, 474 U.S. 52, 62 (1985) (White, J., concurring)). However, in so doing, the Court did not dispose of *Strickland's* second prong. The Court stated, "[w]hether Padilla is entitled to relief on his claim will depend on whether he can satisfy *Strickland's* second prong, prejudice, a matter we leave to the Kentucky courts to consider in the first instance." *Id.* at 1483-84.

To prevail on her *Padilla* claim, therefore, Petitioner must allege and show that she was prejudiced by her attorney's failure to advise her regarding the immigration consequences of her guilty plea. In other words, Petitioner must allege that, "but for counsel's advise, [s]he would not have pled as [s]he did," or, "show

special circumstances indicating that counsel's advice affected [her] decision to

plead." *Davis v. United States*, 335 Fed. Appx. 825, 827 (11th Cir. 2009).

Petitioner does neither. Throughout the entire Motion, Petitioner alleges, in

the way of prejudice, only that her sentence was based on an improperly-calculated

guideline range. But for counsel's error's, Petitioner's sentence would have been

lower by at least eighteen months. (D.E. 4, 23.) Petitioner would not have received a

sentence enhancement for being a leader or organizer of the crime (D.E. 4, 15-16),

nor for being held accountable for over $ 2 million in losses (D.E. 4, 19), and she

would have received a sentence reduction for a minor-role adjustment. (D.E. 4, 19).

Petitioner contests the validity of her sentence, not the validity of her conviction.

Yet risk of deportation, the collateral consequence at issue here, is unaffected by

Petitioner's sentence. For immigration purposes, it is the validity of the conviction

that matters. Therefore, this Court concurs with Judge White that Petitioner fails

to allege prejudice and her *Padilla* claim must therefore be denied.

### C. Ineffective Representation at Sentencing

Petitioner claims counsel was ineffective at sentencing for stipulating to the

4-point increase for her role as a leader or organizer of the crime and the 16-point

increase for a loss amount. Both claims are based on Petitioner's factual claim that

her involvement in the food-stamp conspiracy was limited to one transaction in

which she exchanged $ 100 in cash for $ 159.95 in food stamp benefits.

Judge White rejected this factual claim as conclusively refuted by the record.

Judge White relied on the Pre-Sentence Investigation Report (PSI), which indicated

that Petitioner's role in the conspiracy was extensive. Petitioner was one of three employees who managed and supervised several store employees and directed them to exchange food stamp for money. She cashed a total of $ 22,000 from EBT funds, was the signatory on one of the market's bank accounts that was wired EBT funds, and personally engaged in a transaction to exchange $ 159.95 worth of food stamps for $ 100 cash.

Other than making conclusory assertion that Judge White's Report "takes literary licence with the facts," Petitioner's objections do not contest or address Judge White's factual findings. The Court agrees with Judge White that, Petitioner's allegations of prejudice are too vague and conclusory to support relief, and therefore this claim must be denied.

Regarding restitution, Petitioner objects to Judge White's analysis of her claims. Specifically, she argues that Judge White failed to follow Eleventh Circuit precedent as set forth in *United States v. Siegal*, 153 F.3d 1256 (11th Cir. 1998). Petitioner's reliance on *Siegal* is misplaced. In *Siegal*, the Eleventh Circuit held that a district court must take into account a defendant's ability to pay when ordering a defendant to pay restitution. *Id.* In deciding *Siegal*, however, the Court relied on the laws in effect prior to the passage of the Mandatory Victims Restitution Act (MVRA).

The MVRA, which was in effect at the time of Petitioner's crime and at the time of her plea and sentencing, provides that any defendant convicted of an offense against property shall be ordered to make restitution to the victim. 18 U.S.C. §

3663(a)(1). The MVRA makes awards of restitution mandatory and requires the district court to order restitution without consideration for a defendant's ability to pay. *Siegal* at 1259. Where the defendant is part of a conspiracy, the defendant is liable for losses that "result from acts done in furtherance of the conspiracy of which the defendant is convicted." *United States v. Obasohan*, 73 f.3d 309, 311 (11th Cir. 1996). The Court is not required to consider a defendant's ability to pay restitution under the MVRA. The Court therefore concurs with Judge White's analysis regarding restitution.

V. Voluntariness of Plea

Petitioner claims that her attorney's errors render her guilty plea involuntary. To enter a plea that is voluntary, a defendant must understand the law in relation to the facts of his or her case. *McCarthy v. United States*, 394 U.S. 459 (1969). The court has an independent duty to ensure a defendant's plea is voluntary by ensuring that a defendant understands the nature of the charges, understands the consequences of the plea, and enters the plea free of coercion. *United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005).

Judge White found that during Petitioner's plea colloquy, Petitioner stated that she received a copy of the indictment and fully discussed it with her attorney. She stated that she read, understood, and signed the plea agreement and that she fully discussed it with her attorney. She also stated she read, understood, and signed the factual proffer setting forth the offense conduct, and agreed each fact in the proffer was true. She stated that she was entering the plea in the absence of

promises or other coercion. These statements, made in open court during the plea colloquy, carry a strong presumption of veracity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court therefore agrees with Judge White that Petitioner's claim that her plea was involuntary is conclusively refuted by the record.

VI. Conclusion

Having reviewed the record *de novo*, the Court concurs with the conclusions reached by the Magistrate Judge. It is therefore

ORDERED AND ADJUDGED that the Report of the Magistrate Judge (D.E. 19) is RATIFIED, ADOPTED, AND AFFIRMED; Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (D.E. 1) is DENIED. It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami, Florida, this 24th day of February, 2012.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
Fatima Shatat, *pro se*